IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv146

| | |
|---|---|
| AMY E. SHOOK, | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ORDER |
| TRIDENT DATACOM TECHNOLOGIES, INC., d/b/a TRIDENT MICRO SYSTEMS, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the court on defendant's "Motion for Reconsideration of Defendant's Motion for Enlargement of Time to Answer Plaintiff's Second Set of Interrogatories and Requests for Production and Second Set of Requests for Admission." (#14) While the motion is captioned as a motion to reconsider the earlier *motion*, defendant asks in its motion that the court "reconsider its *Order* denying an enlargement of time . . . ." Id., at 1 (emphasis added). As to motions for reconsideration of interlocutory orders, the Court of Appeals for the Fourth Circuit has provided this court with a very specific standard of review:

> a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is

-1-

subject to reconsideration at any time prior to the entry of a final judgment.") . . . . doctrines such as law of the case, which is what the district court apparently relied on in this case, have evolved as a means of guiding that discretion, *see Sejman v. Warner-Lambert Co.*, Inc., 845 F.2d 66, 69 (4th Cir.1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (internal quotation marks omitted)).

American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003). Defendant has not, however, shown any basis for reconsideration of the previous order under such applicable standard; instead, defendant has shown that it has taken remedial steps to comply with the Local Civil Rules subsequent to entry of the Order.

While there is no basis for reconsideration for reconsideration of the previous Order, the court will deem such motion to be a second motion for enlargement of time. Defendant seeks a 10 day extension of time to respond to certain discovery requests and reflects in its motion that counsel for plaintiff has now been consulted and concurs in such extension. Such request being reasonable and the Local Civil Rules having been fully complied with, the request will be allowed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's "Motion for Reconsideration of Defendant's Motion for Enlargement of Time to Answer

Plaintiff's Second Set of Interrogatories and Requests for Production and Second Set of Requests for Admission" (#14) is **DEEMED** to be defendants' Second Motion for Enlargement of Time, and is **GRANTED**, and defendant shall have up to and inclusive of December 7, 2009, to so answer plaintiff's "Second Set of Interrogatories and Requests for Production" and "Second Set of Requests for Admission."

Signed: November 25, 2009

Dennis L. Howell
United States Magistrate Judge